NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES TRACEY CORGAN, | No. 17-16652 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00692-RCJ-WGC |
| v. | |
| MIKE KEEMA, Detective; ELKO COUNTY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted March 14, 2019
San Francisco, California

Before: M. SMITH, WATFORD, and HURWITZ, Circuit Judges.

James Corgan appeals from the district court's order granting summary judgment on his claim under 42 U.S.C. § 1983 against Detective Mike Keema. In effect, the district court dismissed his claim as insufficiently pleaded. We vacate and remand.

**1.** Corgan argues, as he did below, that his complaint states a § 1983 claim

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

on a "state-created danger" theory of recovery. That theory recognizes that, although there is generally no constitutional right to state protection from harm inflicted by third parties, an exception exists when "state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007) (internal quotation marks omitted). A plaintiff proceeding under this theory must show (1) an affirmative act by a state official placing him in danger that he otherwise would not have faced, (2) that the danger was known or obvious, and (3) that the state official acted with deliberate indifference to that danger. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062–64 (9th Cir. 2006). In such cases, "because the individual has been placed in a dependent and helpless position, she is entitled to the . . . right to be protected from harm." *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir. 1994) (emphasis omitted), *reversed in part on other grounds*, 518 U.S. 81 (1996). When the state fails to protect a person from a risk of harm that it created, and the person is injured as a result, that right is violated. *See Henry A. v. Willden*, 678 F.3d 991, 1002 (9th Cir. 2012).

Corgan's complaint alleged that Detective Keema promised him confidentiality in exchange for information leading to the arrest of a person named "Cortez," that Keema used Corgan's information to obtain a search warrant, and that Keema left documents at the searched residence identifying Corgan as his

informant.  The complaint alleged that Keema was "deliberately indifferent" to his safety and that, because Keema revealed Corgan's identity to Cortez, Cortez hired Bryan Paige to shoot Corgan, which Paige did.  These allegations suffice to state a claim under the state-created danger theory.

As the district court noted, Corgan's complaint identified a different theory of recovery on his § 1983 claim.  But that is immaterial.  "A party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit. . . . The complaint should not be dismissed merely because [the] plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Electrical Construction & Maintenance Co. v. Maeda Pacific Corp.*, 764 F.2d 619, 622–23 (9th Cir. 1985) (internal quotation marks omitted).  Here, Keema had adequate notice of the claim not only from the factual allegations in the complaint but also from Corgan's specific invocation of the state-created danger theory in earlier proceedings.  The district court therefore erred in dismissing the claim.

**2.**  Moreover, the evidence presented on summary judgment created a genuine dispute of material fact on the state-created danger claim.  Fed. R. Civ. P. 56(a).  Corgan proffered evidence, which we assume to be true, that Keema promised Corgan his identity would be kept confidential; that Keema nevertheless

revealed his identity in a search warrant affidavit, which was left at the house after the search; and that the targets of the search hired Paige to shoot Corgan. And the police did not in fact protect Corgan from this harm; Paige shot him.

**3.** Keema argues that Corgan's claim is barred by the statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Given the fact-specific nature of the limitations-period inquiry, we remand to the district court to consider this issue in the first instance.

**VACATED and REMANDED.**